UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/29/2013
```

------------------------------------------------------------X

NATHAN SIMON,  :
  :
          Plaintiff,  :
    -against-  :          12 Civ. 8624 (JMF)
  :
N.Y.C. DEPARTMENT OF  :
CORRECTIONS ET AL.  :         MEMORANDUM
  :      OPINION AND ORDER
          Defendants.  :
  :

------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Nathan Simon, proceeding *pro se*, brings this action pursuant to Title 42, United States Code, Section 1983, against the City of New York and two individual Defendants, alleging that they violated his constitutional rights under the Eighth and Fourteenth Amendments while he was incarcerated in a New York City Department of Correction ("DOC") facility. Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion to dismiss is unopposed. For the reasons discussed below, Defendants' motion is GRANTED, and the Amended Complaint is dismissed.

## BACKGROUND

The following facts, taken from the Amended Complaint, are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff is a New York State prisoner, currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, a DOC facility. (Am. Compl. at II(A) (Docket No. 21)). On October 1, 2012, Correction Officer Shirley Blow and Angela Hudson, a Patient Care Associate

1

for a private entity that provides health and medical services to DOC inmates, came to Plaintiff's housing unit to administer HIV tests.  (*Id.* at II(A), II(D); Mem. in Support 1 n.1 (Docket No. 24)).  Defendants Blow and Hudson called out the names of individuals to be tested and Plaintiff alleges that "[a]s these individuals were coming back into the housing area the other inmates were badgering them for their results."  (Am. Compl. at II(D)).  He alleges that one of the Defendants called his name, but that he did not respond because he "know[s] [his] status" and didn't want "everyone else in my business."  (*Id.*).  Because of his refusal to respond, the other inmates called Plaintiff names and harassed him, causing him such "mental anguish" that he contemplated suicide.  (*Id.* at III, II(D)).  Plaintiff also alleges that he "asked to see the psychiatrist but was denied because [he] didn't explain in full detail why [he] needed to see them."  (*Id.* at III).

On the basis of these allegations, Plaintiff claims that Defendants violated his Fourteenth Amendment right to privacy.  Liberally construed, Plaintiff's Amended Complaint arguably also includes a claim for constitutionally inadequate conditions of confinement and denial of medical treatment in violation of the Eighth Amendment.  He seeks monetary compensation in the amount of $2,000,000.00 "for the humiliation, mental anguish and discrimination [he] endured while incarcerated."  (*Id.* at V).

## LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Plaintiff here is proceeding *pro se*. Therefore, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court is "obligated to construe a *pro se* complaint liberally"). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and "'dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief.'" *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34 [4][a] at 12-72.7 (2005) (alteration omitted)). Thus, the "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Id.* (quoting 2 Moore's Federal Practice § 12.34[1][b], at 12-61 (internal quotation marks omitted)); *see also, e.g.*, *Joyner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (dismissing action because *pro se* plaintiff "failed to allege facts tending to establish" that defendants violated his constitutional rights).

3

When, as here, a motion to dismiss is unopposed, the failure to oppose does not, by itself,

justify dismissal.  *See Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010); *McCall v.

Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).  "[T]he sufficiency of a complaint is a matter of law

that the court is capable of determining based on its own reading of the pleading and knowledge

of the law."  *Goldberg*, 599 F.3d at 184 (quoting *McCall*, 232 F.3d at 322-23).  Consequently, as

with all Rule 12(b)(6) motions, when deciding an unopposed motion to dismiss the Court must

"assume the truth of a pleading's factual allegations and test only its legal sufficiency."  *McCall*,

232 F.3d at 322.

## DISCUSSION

### A.       Violation of the Fourteenth Amendment

Plaintiff alleges that Defendants violated his constitutional right to privacy by "call[ing]

[his] name" for HIV testing.  (Am. Compl. at II(D)).  The United States Constitution recognizes a

right to privacy, which protects "the individual interest in avoiding disclosure of personal

matters."  *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011)

(citation omitted).  Specifically, the Due Process Clause of the Fourteenth Amendment protects a

"right to privacy [that] can be characterized as a right to 'confidentiality,'" which "includes the

right to protection regarding information about the state of one's health."  *Doe v. City of N.Y.*, 15

F.3d 264, 267 (2d Cir. 1994).  This right extends to a prisoner's HIV status.  *See Powell v.

Schriver*, 175 F.3d 107, 112 (2d Cir. 1999).  The Second Circuit has explained that prisoners

retain a right to privacy for medical information unless (1) that disclosure was reasonably related

to legitimate penological interests or (2) the information contained within the medical records

4

was not the type of sensitive medical information contemplated by the courts for constitutional protection. *See id.* at 111-13.

Here, however, Plaintiff has not alleged that any Defendant actually disclosed his HIV status or other confidential medical information. Instead, he claims that Defendants Blow and Hudson came to his housing unit to perform HIV testing and that one of them called his name, indicating that he was to be tested. (Am. Compl. at II(D)). Merely calling a prisoner's name for testing does not amount to a disclosure of that prisoner's HIV status or any other confidential medical information. Similarly, disclosure of a prisoner's refusal to take a mandatory HIV test does not violate the prisoner's right to privacy. *See Hunt v. Ortiz*, 84 F. App'x. 34, 35-37 (10th Cir. 2003) (holding that a prison official's disclosure to other inmates that the plaintiff had refused to take an HIV test did not violate the plaintiff's right to privacy because "[t]he refusal to take a medical test does not qualify as confidential information"). Because Plaintiff has not alleged that Defendants disclosed any confidential medical information, he has not stated a claim for violation of his Fourteenth Amendment right to privacy.

**B.    Violations of the Eighth Amendment**

As noted, liberally construed, the Amended Complaint also alleges that Defendants denied Plaintiff access to certain medical procedures and may have put him at risk of injury at the hands of other prisoners, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment imposes on prison officials the duty to provide prisoners with "humane conditions of confinement" and to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The test for an Eighth Amendment claim is

5

twofold.  First, a prisoner must show that the condition to which he was exposed was sufficiently

serious, *see id.* at 834, amounting to "a condition of urgency . . . that may produce death,

degeneration, or extreme pain," *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (citation

omitted).  Second, a plaintiff must show that the defendant acted with a "sufficiently culpable

state of mind" — specifically, with "deliberate indifference to inmate health or safety."  *Farmer*,

511 U.S. at 834 (internal quotation marks omitted).

        Even if Defendants had disclosed Plaintiff's HIV status — which, as discussed above,

they did not — Plaintiff would not have stated a plausible Eighth Amendment claim.  Plaintiff

has not alleged that the disclosure of his HIV status placed him at risk of future harm that was

"so grave that it violate[d] contemporary standards of decency."  *Helling v. McKinney*, 509 U.S.

25, 36 (1993).  To be sure, the Second Circuit has held that "under certain circumstances the

disclosure of an inmate's HIV-positive status . . . could place that inmate in harm's way . . . [and

that] under certain circumstances and absent legitimate penological purposes, could constitute

deliberate indifference to a substantial risk that such inmate would suffer serious harm at the

hands of other inmates."  *Powell*, 175 F.3d at 115 (citation omitted).  But the treatment Plaintiff

received here — verbal taunts by his fellow prisoners — is not "sufficiently serious" to constitute

an Eighth Amendment violation.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (explaining that

"only those deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation" (citation and internal

quotation marks omitted)); *see also, e.g.*, *Petty v. Goord*, No. 00 Civ. 803 (JSR), 2008 WL

2604809, at *2 (S.D.N.Y. June 25, 2008) ("[E]ven if [prison employees] improperly disclosed

[the plaintiff's] HIV status to others, the mere fact that this may have subjected [the plaintiff] to

opprobrium cannot objectively be considered sufficiently serious to render the conditions of [the

plaintiff's] confinement inhumane."); *Green v. N.Y.C. Dep't of Corr.*, No. 06 Civ. 4978 (LTS)

(KNF), 2008 WL 2485402, at *6 (S.D.N.Y. June 19, 2008) ("[T]he mere existence of [threats

from prison staff and other inmates] without any allegation that physical harm actually existed or

was imminent . . . do[es] not render plausible Plaintiff's claim that he was subject to a *substantial*

*risk* of serious harm.").  Furthermore, Plaintiff has not sufficiently alleged that any Defendant

acted with a culpable state of mind, as it cannot be said that Defendants Blow and Hudson knew

that by calling Plaintiff's name they would expose him to "an excessive risk to [his] health or

safety."  *Hathaway*, 99 F.3d at 553.

Plaintiff also alleges that he "asked to see the psychiatrist but was denied because [he]

didn't explain in full detail why [he] needed to see them."  (Am. Compl. at III).  An Eighth

Amendment claim may be grounded in a prison official's intentional denial or delay in granting

an inmate access to medical care.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  But here,

Plaintiff himself admits that he was denied care because he refused to explain why he needed it.

Furthermore, Plaintiff's allegation regarding his access to medical treatment is completely devoid

of any factual details — such as where or when he made this request, or who denied him the

request — and is therefore insufficient to withstand a motion to dismiss.  *See Twombly*, 550 U.S.

at 570.  Similarly, in an undated letter received by the Court's *Pro Se* Office on August 8, 2013,

Plaintiff states that he is "becoming the target of backlash" by AMKC officials, that he has been

denied "certain medical treatments," and that prison officials have called him names.  (Docket

No. 30).  Plaintiff provides no other factual details regarding this treatment and these conclusory

allegations — even if they had been included as part of the Amended Complaint — are insufficient to state a claim for relief.[1]

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is GRANTED.  The Clerk of the Court is directed to terminate the motion (Docket No. 23), to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


        SO ORDERED.

Dated: August 29, 2013
       New York, New York

                                          JESSE M. FURMAN
                                          United States District Judge

---

[1]    In the "Relief" section of the Amended Complaint, Plaintiff states that he is seeking monetary compensation for "the humiliation, mental anguish and *discrimination* [he] endured while incarcerated."  (Am. Compl. at V (emphasis added)).  Plaintiff, however, sets forth no facts whatsoever that could support a discrimination claim under the Equal Protection Clause or any other provision of law.